The opinion of the court was delivered by
Spencer, J.
On March 26,1872, R. L. Capus brought suit against W. €. Martin on two promissory notes, one for $380, due March 1,1861, and secured by special authentic mortgage on the lands hereinafter mentioned ; the other for $208 09 dated on and payable one day after February 7,1867. It is admitted that this last note was given as evidence of a pre-existing debt created prior to the homestead act of 1865. After defendant, Martin, had been cited he confessed judgment in writing on the back of the petition “for the principal of the notes; the judgment to be divided into five annual installments * * * * each installment to bear interest from their respective maturities,” etc. Judgment was entered up and signed October 23, 1872, reciting that “by rea *1215 «on of the law and evidence being in favor of plaintiff and against defendant, and by further reason of the confession of the defendant, it is ■ordered, etc.” The judgment is for the principal of the notes as provided in the confession, but with recognition of the mortgage securing the $380 note.
In February, 1877, no portion of this judgment having been paid, an execution was issued for the matured installments, and the sheriff seized 200 acres of the land embraced in the mortgage, the balance thereof having passed by deed to third persons.
Martin, thereupon, brought this suit; alleging “ that the rendition and signing of said judgment was procured by fraud and ill-practice on the part of Capus, and his attorneys, in this: that said suit was upon two promissory notes prescribed upon 'their face, etc., * * * one secured by special mortgage, which had- perempted,” etc. The substance of Martin’s attack on the judgment is that the mortgage was fraudulently procured to be recognized by the judgment, when it was not Intended or embraced in the agreement for the confession. The attack, both in the pleadings and proofs, is limited to the recognition of the mortgage.
Martin also enjoins the execution to the extent of 160 acres on a claim of homestead, under the act 1865.
Under the view we have taken it is matter of no moment whether the mortgage was or not properly recognized by the judgment, and we shall treat the judgment for the purposes of this ease simply as one in personam, rendered in 1872 upon debts existing prior to the homestead act of 1865. In that view the counsel of Martin argues :
1. That when this judgment was confessed in 1872 the notes sued on were prescribed on their face; and that the renunciation thereof resulting from Martin’s confession could not operate so as to impart to said notes the character of debts contracted prior to 1865, and thereby defeat -the right of homestead, an exemption created in the public interest for the benefit and protection of Martin’s family. In other words, so far as relates to this claim of homestead, said debts must be treated as of the date of the judgment in 1872. That Martin could not waive the homestead as it is said, was decided by a majority of this court in Hardin vs. Wolf, 29 A. p. 333. That as to this right of homestead the family of Martin are third parties, and Martin’s renunciation of prescription can not affect them.
2. It is further contended that if said judgment be considered only as an ordinary debt existing prior to the passage of the homestead act the latter is good against it.
1. As to the notes being prescribed at the date of the confession and judgment, that may or may not be true in fact. Prescription is only *1216 a means of extinguishing obligations, but must be pleaded to have that effect. A promissory note, since the maturity of which more than five years have run, is a valid, subsisting obligation, until prescription is pleaded against it by the debtor, or by his creditors if he be insolvent. Martin’s failing to plead prescription, his recognition and confession, simply continued in existence a pre-existing obligation. His right and power to do this is indubitable, so far as the act affected himself, his heirs, and legal representatives. But he could not do so to the prejudice of the rights of third persons acquired in the meantime. This brings us to the question whether Martin’s family occupy the position of third persons who had in 1865 acquired a right of homestead on Martin’s property. If so, he could not waive his right of pleading prescription to their prejudice.
Now, it has often been said that the homestead act is exceptional and in derogation of the general and universal rules of law, which make a man’s property liable for his debts ; that, therefore, it must be strictly construed, and can not be extended by implication.
When we turn to that act we find that its benefits can be invoked and claimed only “ by the debtor ” who occupies the land “ as a residence, and bona fide owns it, having a family, or mother, or father, or person or persons dependent upon him for support.” ;It is the debtor who is vested with this right. He alone c'an claim it and exercise it, upon the conditions stated. If it were the family in whom the right was vested, it would render the property subject to the right inalienable by the debtor, and the right could only be asserted in the name of those in whom it was vested.
2. The only remaining question is, Can the homestead act be pleaded against debts created prior to its passage ? This depends upon the question whether the act would, when so applied, impair the obligation of contracts ; and, therefore, whether it can be so enforced without violating the Constitution of the United States. This question has been finally and authoritatively settled by the Supreme Court of the United States, in a late opinion rendered at the October term, 1877, in the case of Edwards vs. Kearzy, and brought by writ of error from the Supreme Court of North Carolina.
By the constitution of North Carolina adopted in 1868, personal property to the value of $500, and real estate to the value of $1000, are exempted from seizure and sale “ under execution or other final process issued for the collection of any debt.” Edwards, subsequently to the going into effect of this constitution, obtained against the defendant three judgments upon debts created prior to the adoption of said constitution. The Supreme Court of North Carolina maintained the defendant’s homestead against the enforcement of these judgments, and the case was carried by writ of error to the Supreme Court of the United *1217 States, whose decision upon questions involving the interpretation of the Constitution of the United States commands our acquiescence. That opinion is elaborate and exhaustive, and the decree received the approval of all the judges. It holds that so far as relates to debts created before the adoption of the constitutional provision exempting a homestead said provision is inoperative and void, and forbidden by the Constitution of the United States, as impairing the obligation of contracts by destroying the remedy in material respects. “ The remedy,” says the Court, “subsisting in a State when and where a contract is made and is to be performed is a part of its obligation, and any subsequent law of the State which so affects that remedy as substantially to impair and lessen the value of the contract is forbidden by the Constitution, and is therefore void.”
We do not think this a proper case to inflict damages beyond that allowed by the lower court.
The judgment appealed from is affirmed with costs. '
DeBlanc, J. I do not concur in the opinion and decree of the Court, and reserve the right to hereafter file a dissenting opinion in this case.